# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 19-5261**

K. WENDELL LEWIS, ET AL.,
      APPELLANTS

v.

PENSION BENEFIT GUARANTY CORPORATION,
      APPELLEE

**September Term, 2020**

FILED ON: DECEMBER 7, 2020

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cv-01328)

---

Before: HENDERSON and WALKER, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

## J U D G M E N T

We heard this appeal on the record from the United States District Court for the District of Columbia and the parties' briefs and arguments. We fully considered the issues and determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d).

We **AFFIRM** the district court's judgment.

\*      \*      \*

After Delta Air Lines went bankrupt in 2005, it entered into an agreement to end its pension plan, which terminated on September 2, 2006. At that point, the Pension Benefit Guaranty Corporation (PBGC) became the plan's trustee under the Employee Retirement Income Security Act. The Pilots in this case, who retired from Delta, later challenged several decisions PBGC made.

The district court dismissed one count of the Pilots' Amended Complaint (Count VI), and it granted summary judgment to PBGC on the remaining counts (Counts II-V). *Lewis v. PBGC,*

1

314 F. Supp. 3d 135 (D.D.C. 2018). Because we agree with that decision's well-reasoned approach to the merits of the Pilots' claims, we affirm.[1]

\* \* \*

As an initial matter, we disagree with the Pilots' argument against deferring to how PBGC interprets ERISA's ambiguous provisions.

In *Davis v. PBGC*, "[w]e [saw] no reason to depart from the usual deference we give to an agency interpreting its organic statute." 571 F.3d 1288, 1293 (D.C. Cir. 2009) (*Davis I*). We thus deferred in *Davis I* "to the PBGC's authoritative and reasonable interpretations of ambiguous provisions of ERISA." *Id.*

Four years later, in a later stage of the same litigation, we declined to say "whether the PBGC is entitled to [*Chevron*] deference . . . when it acts as the trustee in an involuntary retirement plan termination." *Davis v. PBGC*, 734 F.3d 1161, 1167 (D.C. Cir. 2013) (*Davis II*).

The Pilots argue that *Davis I* isn't binding because *Davis II* called it into question. But *Davis II* meant only what it said: "Regardless of the standard of deference, the Pilots' claims relating to the PBGC's interpretation of the statute and regulations must fail." *Id.* In other words, even if this Court hadn't deferred to PBGC in *Davis II*, the outcome of *Davis II* would have been the same. *See id.* And, although we decided *Davis I* in reviewing a preliminary-injunction decision, *Davis I* remains binding precedent. *See Mahoney v. Babbitt*, 113 F.3d 219, 222 (D.C. Cir. 1997).

\* \* \*

Count II: According to the Pilots, when PBGC allocated the pension plan's assets, PBGC should have considered the nearly $2 billion that other pilots received when the pension plan terminated. *See* JA 125-27. But that money never became a pension plan asset. *See id*. at 883, 126 ¶ 77; *see also id*. at 960. In other words, no one was entitled to that money "under the plan terms." *PBGC v. LTV Corp.*, 496 U.S. 633, 638 (1990) (citing 29 U.S.C. §§ 1301(a)(8), 1322(a) & (b)). And ERISA requires PBGC to calculate benefits based only on what beneficiaries are entitled to "under the plan terms." *Id.*; *see also* 29 U.S.C. § 1344(a) ("the plan administrator shall allocate the assets of the plan").

Count III: The Pilots say that PBGC misinterpreted the phrase "in effect" as "payable" when it decided what benefits were "in effect" at least five years before the pension plan's termination. But *Davis I* expressly held that PBGC's interpretation of "in effect" as "payable" was a reasonable interpretation of ambiguous text. 571 F.3d at 1293.

---

[1] We have jurisdiction, 28 U.S.C. § 1291, and our review of the district court is de novo. *Western Surety Co. v. U.S. Engineering Construction, LLC*, 955 F.3d 100, 104 (D.C. Cir. 2020).

That matters here because the Pilots point to an increased compensation limit on benefits that did not become payable to them until July 1, 2002.[2] Because that date was not five years before the pension plan terminated on September 2, 2006, PBGC was correct when it did not consider the increased compensation limit.

The Pilots argue in their reply brief that Delta did not properly promulgate the amendment cementing this July 1, 2002 date. But because the Pilots did not raise that argument in their opening brief to this Court, they forfeited it. *World Wide Minerals, Ltd. v. Republic of Kazakhstan*, 296 F.3d 1154, 1160 (D.C. Cir. 2002).

Count IV: The Pilots claim PBGC illegally excluded certain benefits "in effect" at least 5 years before the plan terminated. JA 138-44; *see* 29 U.S.C. § 1344(a)(3)(A).[3] But those benefits did not increase the Pilots' pension checks until July 1, 2002.[4] To be sure, those benefits increased the pension checks of *other* pilots — i.e., pilots who were not eligible to retire by July 1, 2001.[5] But those (active) pilots are not these (retired or eligible-to-retire) Pilots.

Count V: After the pension plan terminated, PBGC recovered money from Delta. PBGC defined the value of that money based on what it was worth on the date the plan terminated. JA 144-50. That's less than what it was worth a month later when PBGC recovered it (because a dollar today is more valuable today than it is tomorrow).

The Pilots argue PBGC should not have calculated the value of the recovery based on the termination date. And they are right that ERISA doesn't *require* PBGC's approach. 29 U.S.C. § 1322(c)(3)(C)(i). But ERISA also does not *prohibit* it. *Id.* And the Pilots have not shown that using the termination date for the recovery's value was "unreasonable."

Count VI: The Pilots say PBGC violated the Administrative Procedure Act. JA 150-51. But that claim is duplicative of the Pilots' ERISA claims. *See* JA 97. In this case, ERISA

---

[2] *See* JA 399 ("The Earnings taken into account in determining benefit accruals of an Employee in any Plan Year beginning after June 30, 2002 shall not exceed $200,000, as adjusted for cost-of-living increases in accordance with Section 401(a)(17)(B) of the [Internal Revenue] Code.").

[3] PBGC argues that the Pilots waived their Count IV and Count V(B) arguments by not raising them at the administrative level. Appellee Br. at 45-46, 53. We assume without deciding that the Pilots did not waive these arguments by failing to raise them before the PBGC Appeals Board.

[4] JA 402 ("With respect to Participants whose Annuity Starting Date was before July 1, 2001, the increased 415 limit described in Section 12.11(a)(i) shall be effective for annuity payments made on or after July 1, 2002."); *see also id.* ("provided, however, that such increase shall only be applied to the annuity payments made from this Plan to former participants on or after July 1, 2002.").

[5] *See* JA 402 ("This amendment shall be effective beginning with the limitation year starting on July 1, 2001 for those Employees whose Annuity Starting Date is on or after July 1, 2001."); *see also id.* ("Benefit increases resulting from the increase in the limit of Section 415(b) of the [Internal Revenue Code under the Economic Growth and Tax Relief Reconciliation Act of 2001] shall be provided to all current and former participants (with benefits limited by Section 415(b)) who have an accrued benefit under the Plan immediately prior to July 1, 2001 (other than an accrued benefit resulting from a benefit increase solely as a result of the increases in limitations under Section 415))").

3

"provides an adequate alternative remedy, barring APA review." *Gulf Coast Maritime Supply, Inc. v. United States*, 867 F.3d 123, 131 (D.C. Cir. 2017) (cleaned up).

\* \* \*

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold this mandate until seven days after resolution of a timely petition for rehearing or for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Michael C. McGrail
Deputy Clerk